# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JAMES SAINZ,<br><br>Defendant. | Case No. 11-cr-00640-BLF-3<br>Case No. 11-cr-00712-BLF-2<br>Case No. 11-cr-00894-BLF-1<br><br>**ORDER GRANTING DEFENDANT DAVID SAINZ'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Defendant David James Sainz ("Sainz") has filed a motion for early termination of supervised release. The motion is opposed by both Plaintiff United States of America ("the Government") and the U.S. Probation Office ("Probation"). The Court held a hearing on the motion on August 16, 2022. The motion is GRANTED for the reasons stated on the record and discussed below.

**I.   BACKGROUND**

In 2011, Sainz was indicted in three separate cases for offenses arising out of his participation in a methamphetamine distribution conspiracy. *See* Prob. Letter, ECF 199. Senior District Judge Lowell D. Jensen accepted Sainz's guilty plea and sentenced him to 188 months imprisonment in each of the three cases, to run concurrently. *See id.* Judge Jensen also imposed a five-year term of supervised release in Case No. 11-CR-00894, a four-year term of supervised release in Case No. 11-cr-00712, and a four-year term of supervised release in Case No. 11-cr-00640, all with special conditions. *See id.* At the time Judge Jensen imposed sentence, Sainz had a number of prior convictions for offenses that included corporal injury to a spouse/cohabitant, evasion of a police officer, battery, violation of a protective order, and attempted forcible rape. *See id.*

1    In 2014, Sainz was granted a reduction of his term of imprisonment to 120 months in each
2 case, to run concurrently. *See* Prob. Letter. On September 20, 2019, Sainz was granted a sentence
3 reduction to time served in all three cases. *See id.* He was released from custody on September
4 23, 2019 and commenced his terms of supervised release in the Northern District of California.
5 *See id.* He has served almost three years of his supervised release terms. During that time, he has
6 completed his mental health treatment, which encompassed substance abuse treatment. *See id.*
7 His drug tests have been negative. *See id.* Sainz also has reconnected with his daughter, visited
8 her, and met his two grandchildren. *See* Mot. Exh. A, ECF 197-2.

9    In November 2019, Sainz began working as a contractor installing floors, and has
10 continued in that profession to date. *See* Prob. Letter. His employer has submitted a letter
11 praising his work and his work ethic. *See* Mot. Exh. B, ECF 197-3. Sainz has enrolled in
12 contractor's licensing school, but he has been informed that it is unlikely that he will be granted a
13 contractor's license while on supervised release. *See* Mot. Exh. A, ECF 197-2.

14   In May 2022, Sainz secured a mortgage loan and became the joint homeowner of the home
15 he was renting. *See* Prob. Letter. At the hearing, Sainz advised the Court that he has had a flood
16 at his home, but that his insurer has given him a lump sum payment and that he will be able to
17 repair the home, doing much of the work himself.

18 **II.   LEGAL STANDARD**

19   A district court may, after considering a specified subset of the sentencing factors
20 enumerated in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after
21 the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by
22 the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The
23 expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district
24 court enjoys discretion to consider a wide range of circumstances when determining whether to
25 grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Ninth
26 Circuit recently clarified in *Ponce* that the district court need not find undue hardship or
27 exceptional circumstances to terminate supervised release. *See United States v. Ponce*, 22 F.4th
28 1045, 1047 (9th Cir. 2022).

Section 3583(e) identifies the following eight sentencing factors as relevant to the decision whether to terminate supervised release: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); (2) the need for the sentence "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); (3) the need for the sentence "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); (4) the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D); (5) "the kinds of sentence and the sentencing range established for" similar offenses, § 3553(a)(4); (6) "any pertinent policy statement" issued by the Sentencing Commission, § 3553(a)(5); (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6); and (8) "the need to provide restitution to any victims of the offense," § 3553(a)(7). *See* 18 U.S.C. § 3583(e). The district court need not discuss every statutory factor, but it must provide an explanation for its ruling that is sufficient to permit meaningful appellate review. *See Emmett*, 749 F.3d at 821.

### III. DISCUSSION

Sainz requests early termination of supervised release after serving almost three years of the concurrent five-year and four-year supervised release terms imposed by Judge Jensen. His primary reason for the request appears to be the negative impact of continued supervised release on his ability to obtain a contractor's license. However, it is clear that Sainz also feels ready to move forward with his life without the continued support and supervision offered by Probation.

The Government and Probation oppose Sainz's motion. They do not dispute Sainz's compliance with the conditions of supervision or the positive changes he has made in his life. However, the Government points out that when Judge Jensen imposed Sainz's original term of imprisonment, he also imposed the mandatory minimum terms of supervised release. The Government does not dispute the Court's statutory authority to grant early termination of supervised release "at any time after the expiration of one year of supervised release," 18 U.S.C. § 3583(e)(1), whether or not the supervised release term was imposed as a mandatory minimum term, *see United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994). The Government

1  nonetheless suggests that the Court should take Congressional intent in setting mandatory
2  minimum supervised release terms into account when deciding whether to grant Sainz's motion.
3  Both the Government and Probation also express concern regarding the financial responsibilities
4  that Sainz has taken on, and indicate that he may not be quite ready to move forward without
5  supervision.

6        The Court appreciates the concerns expressed by the Government and Probation, and it recognizes that Probation has provided Sainz with meaningful support during the years following his release from prison.  However, the Court is of the view that early termination of supervised release is appropriate at this time.  While Sainz's offenses were serious, he has served a lengthy term of imprisonment and more than half of his supervised release terms.  He has re-integrated into society, complied with all conditions of supervision, and has not given any indication that he poses a risk to the community.  Sainz has maintained his sobriety, purchased a home, and successfully worked at a skilled profession.  He seeks to better his career options by obtaining a contractor's license, but it appears that being on supervised release is an impediment to that goal.  While the Ninth Circuit has made clear that exceptional circumstances are not a prerequisite to early termination of supervised release, *see Ponce*, 22 F.4th at 1047, the Court finds Sainz's success in turning his life around to be exceptional.  On this record, the Court finds that early termination of Sainz's terms of supervised release "is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

## IV. ORDER

Defendant Sainz's motion for early termination of supervised release is GRANTED.

Dated:  August 16, 2022

BETH LABSON FREEMAN
United States District Judge

4